Zhong CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.

No. 04–5922–ag.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft.

David X. Feng, New York, NY, for Petitioner.

Beth E. Goldman, Assistant United States Attorney (Michael J. Garcia, United States Attorney, and Kathy S. Marks, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondents.

Present: ROGER J. MINER, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Zhong Chen, a native and citizen of the People's Republic of China ("China") petitions for review of an October 15, 2004 decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a July 10, 2003 decision of Immigration Judge ("IJ") Terry Bain denying Chen's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and ordering Chen removed to China. We assume the parties' familiarity with the underlying facts, the procedural history and the issues on appeal.

Where, as here, the BIA adopts an IJ's decision and supplements it, we review the decision of the IJ as supplemented by the reasoning of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review findings, including adverse credibility determinations, under a substantial evidence standard. *See, e.g., Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *see also* 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Our " 'exceedingly narrow' " review, *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (quoting *Carranza–Hernandez v. INS,* 12 F.3d 4, 7 (2d Cir.1993)), involves "look[ing] to see if the IJ has provided 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (quoting *Se-*

*caida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)). That review is "highly deferential," *Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 174 (2d Cir.2005); *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005); *Jin Hui Gao*, 400 F.3d at 964, and "is designed to ensure merely that 'credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice.' " *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 157 (2d Cir.2006) (quoting *Zhou Yun Zhang*, 386 F.3d at 74).

█ As a preliminary matter, we note that in his brief on appeal to the BIA, Chen failed to assert any argument disputing the denial of his application for CAT relief. We therefore lack jurisdiction with respect to that claim. *See* 8 U.S.C. § 1252(d)(1) (allowing a court to review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) ("[W]e require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review.' " (quoting *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir. 2003) (emphasis and second alteration in original))). Accordingly, we dismiss Chen's petition for review to the extent he seeks CAT relief.

█ With respect to Chen's applications for asylum and withholding of removal, the IJ rendered an adverse credibility determination based largely on discrepancies between Chen's asylum application and his testimony at the hearing.[2] During Chen's interview with the an asylum officer on June 14, 2001, he testified under oath that family planning "officials accused me of having an unauthorized child" and that they "forced my boss to fire me." On April 26, 2002, Chen filed his asylum application in which he claimed that his children were discovered by the "family planning office," which notified Chen and his wife that within one month they would have to pay a RMB 45,000 fine and that one of them would have to be sterilized. In his direct testimony at the hearing, Chen testified that he was never contacted by birth control authorities. In addition, during his testimony at the hearing, Chen never mentioned the RMB 45,000 fine.

Upon our review of the record, we conclude that these discrepancies constitute substantial evidence that supports the adverse credibility determination drawn against Chen.

We have considered all of the arguments asserted in connection with Chen's petition and find them to be without merit. Accordingly, the petition for review is DISMISSED in part with respect to the application for CAT relief and DENIED in part with respect to the applications for asylum and withholding of removal.

---

**2.** In further support of his adverse credibility determination, the IJ also noted that Chen (1) gave testimony that was "very vague" and lacking in detail; (2) seemed unfamiliar with the marriage and birth control policies in China; (3) submitted supposed birth certificates for his children that were non-notarial certificates of questionable authenticity; and (4) testified that he never lived with his two children, which the IJ found to be "extremely strange." The order of the BIA did not refer to these additional grounds but instead relied only on the "major inconsistency regarding the respondent's contact with birth control officers."